## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

GAYNELL C. COLBURN, individually     *
and on behalf of others similarly
situated,                            *
1700 N. Gay Street
Baltimore, Maryland 21212            *

     *Plaintiff,*                     *

*v.*                                 *          Case No. 1:18-cv-00801

MARRIOTT INTERNATIONAL, INC.,        *
10400 Fernwood Road
Bethesda, MD 20817                   *

     Serve on:                       *

     The Corporation Trust Inc.      *
     2405 York Road
     Suite 201                       *
     Lutherville Timonium,
     Maryland 21093-2264             *

     *Defendant.*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## CLASS ACTION COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Plaintiff, Gaynell C. Colburn, on behalf of herself and the proposed class (defined below), brings this action against Marriott International, Inc. ("Defendant"):

## INTRODUCTION

1.    For more than 20 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities by provided full and equal access to

the goods, services and facilities provided by hotel owners and operators.

2.     This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

3.     Defendant owns and/or operates various hotels throughout the United States, and, as part of those operations, provides hotel customers transportation services.

4.     Defendant has failed to make its transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5.     Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to non-disabled guests.

## JURISDICTION AND VENUE

6.     The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7.     Personal jurisdiction exists for Defendant because it manages and/or operates multiple hotels located in Maryland, including the Bethesda Marriott Suites in Bethesda, Maryland. Additionally, Defendant's principal place of business is located in Bethesda, Maryland.

8.     Venue in the District of Maryland is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred. Additionally, Defendant's principal place of business is located in Bethesda, Maryland.

## PARTIES

9.     Plaintiff Gaynell C. Colburn, at all times relevant hereto, is and was a resident of Baltimore City, Maryland.

10.     Plaintiff is a wheelchair user who is limited in the major life activity of walking.

11.     As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12.     Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services.

13.     Defendant Marriott International, Inc. is organized under the laws of Delaware with its principal place of business in Maryland.

## FACTUAL ALLEGATIONS

14.     Defendant owns, manages and/or operates many hotels throughout the United States.

15.    As part of these operations, Defendant provides its customers transportation services, including, but not limited to, complimentary shuttle services.

16.    Within the applicable limitations period, Plaintiff called the Bethesda Marriott Suites, located at 6711 Democracy Blvd, Bethesda, Maryland ("Bethesda Marriott") and was told by an agent of Defendant that the Bethesda Marriott provides a complimentary shuttle service for guests.

17.    Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

18.    Plaintiff was also told that Defendant would not provide alternative accessible transportation service.

19.    An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff in Paragraphs 16 through 18.

20.    The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Bethesda Marriott, Defendant owns, manages and/or operates a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

21.    These hotels include, but are not limited to, the following locations:

A.    Courtyard by Marriott Los Angeles LAX/El Segundo, located at 2000 E Mariposa Ave, El Segundo, CA;

B.      Residence Inn by Marriott San Diego Rancho Bernardo/ Carmel Mountain Ranch, located at 11002 Rancho Carmel Dr, San Diego, CA;

C.      Courtyard by Marriott Wilmington Newark/Christiana Mall, located at 48 Geoffrey Dr, Newark, DE;

D.      Atlanta Marriott Alpharetta, located at 5750 Windward Pkwy, Alpharetta, GA;

E.      Courtyard by Marriott Atlanta Cumberland/Galleria, located at 3000 Cumberland Blvd SE, Atlanta, GA;

F.      TownPlace Suites by Marriott Atlanta Alpharetta, located at 7925 Westside Pkwy, Alpharetta, GA;

G.      Courtyard by Marriott Chicago Arlington Heights/North, located at 3700 N Wilke Rd, Arlington Heights, IL;

H.      Courtyard by Marriott Boston Milford, located at 10 Fortune Blvd, Milford, MA;

I.      Courtyard by Marriott Hanover Whippany, located at 157 Route 10 E, Whippany, NJ;

J.      SpringHill Suites Nashville Airport, located at 1100 Airport Center Dr, Nashville, TN;

K.      Courtyard by Marriott Dallas Central Expressway, located at 10325 N Central Expy, Dallas, TX;

L.     Courtyard by Marriott Houston Hobby Airport, located at 9190 Gulf Fwy, Houston, TX;

M.     Residence Inn by Marriott Dallas Central Expressway, located at 10333 N Central Expy, Dallas, TX;

N.     Courtyard by Marriott Dulles Airport Chantilly, located at 3935 Centerview Dr, Chantilly, VA; and

O.     Residence Inn by Marriott Charleston, located at 200 Hotel Cir, Charleston, WV.

22.     Defendant's policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

23.     Though Plaintiff is serving as a tester in this case, she would like to stay at one or more of the properties owned and/or managed by Defendant in the future and use the hotel's transportation services.

24.     However, the lack of equivalent transportation services has deterred Plaintiff from staying at the Bethesda Marriott or using its shuttle service.

25.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

26.     Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All

individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendant because of the lack of equivalent accessible transportation services at those hotels."

27.   <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

28.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

29.   <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

30.   <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally,

and who possess specific expertise in the context of class litigation under the ADA.

31.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION
### Violations of 42 U.S.C. §§ 12181, *et seq.*

32.     Plaintiff incorporates by reference each and every allegation herein.

33.     Plaintiff brings this claim individually and on behalf of the class.

34.     Plaintiff is an individual with a disability under the ADA.  42 U.S.C. § 12102(1)(A).

35.     Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

36.     Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.  42 U.S.C. § 12182(a).

37.     Defendant operates fixed route systems and/or demand responsive systems within the meaning of the ADA.  42 U.S.C. § 12181(3) and (4).

38.     For fixed route systems, Defendant must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided.  42 U.S.C. § 12182(B).

39.     For demand responsive systems, Defendant must provide wheelchair-accessible vehicles or ensure that equivalent service is provided.  42 U.S.C. § 12182(C).

40.     Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it owns, manages and/or operates are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

41.     Moreover, by failing to provide accessible transportation, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a)      denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's hotels;

b)      affording individuals with mobility disabilities unequal access to goods, services or facilities;

c)      utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

d)      failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

42.     Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

43.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgement as follows:

1.      A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that

Defendant failed to take action reasonably calculated to ensure that Defendant's transportation services were fully accessible to, and independently usable by, individuals with visual disabilities;

2.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

3.     An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

4.     Payment of costs and reasonable attorneys' fees as provided for by law; and

5.     Such other additional or alternative relief as the Court finds just and proper.

Dated: March 19, 2018.          Respectfully submitted,


                                */s/ E. David Hoskins*
                                E. David Hoskins, Esq., No. 06705
                                The Law Offices of E. David Hoskins, LLC
                                16 East Lombard Street, Suite 400
                                Baltimore, Maryland 21202
                                (410) 662-6500 (Tel.)
                                davidhoskins@hoskinslaw.com


                                */s/ Kathleen P. Hyland*
                                Kathleen P. Hyland, Esq., No. 30075
                                Hyland Law Firm, LLC
                                16 East Lombard Street, Suite 400
                                Baltimore, Maryland 21202
                                (410) 777-5396 (Tel.)
                                kat@lawhyland.com


                                */s/ R. Bruce Carlson*
                                R. Bruce Carlson, No. 29344
                                Carlson Lynch Sweet Kilpela & Carpenter, LLP
                                1133 Penn Avenue, 5th Floor
                                Pittsburgh PA, 15222
                                (412) 322-9243 (Tel.)
                                bcarlson@carlsonlynch.com